UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DEIRDRA THIBODEAUX**  :  **CIVIL ACTION NO. 2:23-CV-00840**

**VERSUS**  :  **JUDGE DAVID C. JOSEPH**

**SAMS EAST INC.**  :  **MAGISTRATE JUDGE LEBLANC**

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff Deirdra Thibodeaux. Doc. 8. The motion is opposed by defendant Sam's East Inc. Doc. 13. The reply has been filed, making this motion ripe for resolution. Doc. 15. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **DENIED.**

### I.
#### BACKGROUND

Plaintiff Deirdre Thibodeaux filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on September 23, 2022, naming as defendant Sam's East, Inc. Doc. 1, att. 1. Plaintiff claims she sustained personal injuries as the result of a trip and fall incident that occurred on a property owned, operated, and maintained by defendant. *Id.* at ¶ 7. She alleges the incident and her injuries were caused through the sole fault and negligence of defendant. *Id.* at ¶ 8.

Defendant removed this action to this court on June 22, 2023. Doc. 1. In the Notice of Removal, defendant contends the parties are completely diverse and the amount in controversy exceeds the jurisdictional amount. Doc. 1, ¶ 5. Defendant removed the action after receiving

responses to discovery requests[1] on June 16, 2023, admitting the amount in controversy exceeded $75,000. *Id.* at ¶ 3.

Plaintiff filed the instant Motion to Remand claiming only that removal was untimely. Doc. 8. Specifically, plaintiff claims defendant had unequivocal evidence that the amount in controversy exceeded the jurisdictional amount on April 3, 2023, when defendant received the deposition transcript from plaintiff's March 8, 2023, deposition. Doc. 8, att. 1, p. 5. Defendant opposes the motion, claiming plaintiff's June 16, 2023, discovery responses were the first "other paper" sufficient to establish "unequivocally clear and certain" facts from which defendant could ascertain the amount in controversy exceeded $75,000. Doc. 13, pp. 5–6. Plaintiff replies that the discovery responses merely confirm plaintiff's deposition testimony, and that defendant "had every opportunity to ask plaintiff during her deposition if her damages exceeded $75,000." Doc. 15, p. 2.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

---

[1] The discovery requests were propounded upon plaintiff on December 5, 2022. Doc. 13, p. 5.

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996). There is no dispute in this matter that the parties are completely diverse[2] or that the amount in controversy exceeds $75,000.[3] The dispute, instead, is whether defendant's Notice of Removal was timely.

Removal is perfected by filing with the district court for the district and division where the action is pending a notice containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). This 30-day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

When "the case stated by the initial pleading" does not provide grounds for removal, a defendant may remove the action within 30 days from receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Matters outside the formal pleadings, including a deposition transcript, may constitute 'other paper' and trigger the removal clock." *Farish v. Walmart Stores, Inc.*, No. 19-cv-1375, 2019 WL 12313450, at *2 (W.D. La. Dec. 23, 2019), report and recommendation adopted, 2020 WL 9720232 (W.D. La. Jan. 10, 2020) (citing *SWS Erectors,*

---

[2] Specifically, the parties do not dispute that plaintiff is a citizen of Texas [doc. 1, p. 3; doc. 11], and defendant is a citizen of Arkansas, with its state of incorporation and principal place of business in Arkansas. Doc. 7.
[3] Doc. 1, ¶¶ 2–4; doc. 8, att. 1, p. 3.

*Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000)). The other paper must be "'unequivocally clear and certain' to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The "unequivocally clear and certain" standard was adopted to promote judicial efficiency by reducing "'protective' removals by defendants faced with an equivocal record." *Id.* Thus, this standard should be "at least as strict as that set forth in *Chapman*." *Blake v. Wal-Mart Stores, Inc.*, 358 F. Supp. 3d 576, 579–80 (W.D. La. 2018) (Foote, J., adopting recommendation of Hornsby, M.J.) (quoting *Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013)).

Plaintiff argues defendant's removal of this action was untimely because plaintiff's deposition testimony was unequivocal in establishing that the amount in controversy exceeds $75,000. Doc. 8, att. 1, p. 5. It is plaintiff's position that defendant's receipt of the deposition transcript on April 3, 2023, started the 30-day clock for removal, which makes defendant's removal on June 22, 2023, untimely. *Id.* Defendant counters that the deposition testimony did not provide facts sufficient to meet the unequivocally clear and certain requirement from *Bosky*, and the requirement was only met once the discovery responses were submitted. Doc. 13, p. 16. The court agrees with defendant.

During her deposition, plaintiff described the medical treatment she received, including an x-ray, surgical implantation of screws and a plate in her foot, surgical removal of the screws and plate, and physical therapy. Doc. 8, att. 2, pp. 13–14. When asked if she knew how much her total bill for medical expenses was, plaintiff replied, "I don't. I don't. . . . Just assuming from the EOBs I've gotten from both surgeries, my guess is probably in the 70s or maybe a little bit more. That's a guess. . . ." *Id.* at p. 16. Plaintiff's position is the assertion that her medical expenses were in the

$70,000 range, coupled with other unspecified damages claims, made it unequivocally clear that the amount in controversy exceeds $75,000. In support, plaintiff points to the Fifth Circuit's opinion in *Bosky* when the court states, "We have . . . held that specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal." *Bosky*, 288 F.3d at 210. However, the Fifth Circuit later retracted this statement as incorrect with respect to the timeliness inquiry. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013).

Though the information plaintiff provided at the deposition could have supported a claim that the amount in controversy requirement was met, it did not make unequivocally clear and certain that plaintiff is seeking more than $75,000. Just because a defendant has information that it could use to attempt to establish the amount in controversy, and thereby to remove the case, does not mean the 30-day clock for removal starts. *Mumfrey*, 719 F.3d at 400 n.13. Furthermore, if a defendant must "analyze and dissect medical treatment records" or "conduct independent research" to ascertain the amount in controversy, the "other paper" at issue is not unequivocally clear and certain to open the 30-day removal window. *See Chandler v. Ruston Louisiana Hosp. Co. LLC*, No. 3:14-CV-121, 2014 WL 1096365, at *5 (W.D. La. Mar. 19, 2014); *Blake*, 358 F. Supp. 3d at 580 (quoting *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x. 437, 440 (5th Cir. 2011)). To remove this lawsuit to this court based on plaintiff's deposition transcript, defendant would have needed external support, *i.e.*, information beyond the deposition transcript, to show the amount in controversy exceeded the jurisdictional amount because the only specific amount plaintiff provided was a guess that her bills were "probably in the 70s or maybe a little bit more." Thus, the deposition transcript in this case did not provide unequivocally clear and certain

evidence that the amount in controversy exceeded $75,000, and so the removal period did not start upon the transcript's delivery.

Plaintiff argues the discovery responses, which specifically and affirmatively state that the amount in controversy exceeds $75,000 [doc. 1, att. 3, pp. 6 & 8], "simply confirmed plaintiff's deposition testimony" and thus, "simply confirmed the same fact that was already unequivocally clear and certain from plaintiff's deposition testimony." Doc. 15.[4] The court disagrees. The deposition testimony was vague and unclear. Requiring defendants to remove the matter within 30 days of a "guess" by plaintiff that her bills were "probably in the 70s" would basically require a protective removal, which is exactly what the "unequivocally clear and certain" standard is meant to prevent. *Bosky*, 288 F.3d at 211. Based on the record before the court, the discovery responses were the first unequivocally clear and certain evidence that the amount in controversy exceeded the jurisdictional amount. The parties agree defendant received those responses on June 16, 2023. Doc. 8, att. 1, p. 1; doc. 13, p. 5; doc. 15, p. 2. Thus, defendant's removal of the action to this court on June 22, 2023, was timely.

### III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 8] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file

---

[4] Plaintiff also argues defendant could have asked at the deposition if the amount in controversy exceeded $75,000 but chose not to do so. Doc. 15, p. 2. The implication seems to be it is defendant's fault plaintiff did not clearly state whether the jurisdictional amount requirement was satisfied. This argument will not be accepted; defendant not asking a question does not change the fact the deposition testimony that *was* given was not unequivocally clear and certain. Moreover, defendant did ask the question in its discovery requests propounded to plaintiff on December 5, 2022, which plaintiff did not answer until six months later, prompting removal.

written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of April, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE